UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TINA CHIANG,<br><br>    Plaintiff,<br><br>    v.<br><br>SABRINA AFIFI,<br><br>    Defendant. | Case No. 25-cv-02074-PHK<br><br>**REPORT AND RECOMMENDATION RE REMAND PURSUANT TO THE MANDATORY SCREENING REQUIREMENTS OF 28 U.S.C. § 1915(E)(2)(B); ORDER REASSIGNING TO A DISTRICT JUDGE; ORDER ON MOTIONS**<br><br>Re: Dkts. 2, 7, 9, 10, and 14 |

This is a wrongful detainer lawsuit removed to this Court from California Superior Court by *pro se* Defendant Sabrina Afifi ("Afifi"). [Dkt. 1]. The Court previously granted Defendant Afifi's application to proceed *in forma pauperis*. [Dkt. 6]. The Court now undertakes the mandatory screening requirement of the Complaint under 28 U.S.C. § 1915(e)(2)(B). After carefully reviewing the notice of removal, and all companying documents including the original Complaint filed in California Superior Court, and for the reasons set forth herein, the undersigned finds remand is appropriate.

Defendant Afifi has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), but Plaintiff Chiang has not yet filed a consent or declination form. Accordingly, the Court **ORDERS** that this case be reassigned to a District Judge for disposition. For the reasons discussed herein, the undersigned **RECOMMENDS** that the District Judge **REMAND** this action to the California Superior Court for the County of Alameda.

## BACKGROUND

On February 3, 2025, Plaintiff Tina Chiang filed an unlawful detainer action against

1   Defendant Afifi in the California Superior Court for the County of Alameda, Case No. 25-cv-
2   109250. [Dkt. 1 at 10–16]. Defendant Afifi filed an Answer to the Complaint. *Id.* at 27–32. On
3   February 27, 2025, Defendant Afifi filed a notice of removal of the action to this Court. [Dkt. 1].
4   Contemporaneously, she moved this Court for leave to proceed *in forma pauperis*. [Dkt. 2]. By a
5   separate Order, the Court has granted Defendant Afifi's request to proceed *in forma pauperis*. [Dkt.
6   6]. On March 11, 2025, Plaintiff Tina Chiang moved for remand and requested judicial notice.
7   [Dkt. 7].

## LEGAL STANDARD

When a party is granted leave to proceed *in forma pauperis* under section 1915(a), the complaint in such action is subject to mandatory review by the Court under 28 U.S.C. § 1915(e)(2)(B). In a typical *in forma pauperis* case filed by a *pro se* indigent plaintiff, the mandatory screening of a complaint serves to ensure that such a plaintiff benefiting from the *in forma pauperis* statutory scheme has presented a complaint which is legally sufficient to proceed. *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) ("The right to proceed in forma pauperis is not an unqualified one. It is a privilege, rather than a right.") (citation omitted).

While the indigent Defendant here (not the Plaintiff) has sought and been granted leave to proceed *in forma pauperis*, the plain language of Section 1915(e)(2)(B) makes clear that "the court shall dismiss the case" without regard to which party sought leave to proceed *in forma pauperis* under Section 1915(a). That is, Section 1915(e)(2)(B) does not limit the mandatory screening of a complaint only to those cases in which the plaintiff is proceeding *in forma* pauperis. And, like the case at bar, cases sought to be removed from state court by an indigent defendant to a federal district court are appropriately screened to determine whether or not such removal is proper, including whether or not federal subject matter jurisdiction exists. *See, e.g., RM White LLC v. Ramirez*, No. 24-CV-00485-SVK, 2024 WL 1051000 (N.D. Cal. Feb. 14, 2024) (granting Defendants' *in forma pauperis* application and then proceeding to screen Plaintiff's complaint finding lack of subject matter jurisdiction); *cf. Crown Props., Inc. v. Primo*, 2021 WL 197345 (W.D. Wash. Jan. 20, 2021), *adopting Report and Recommendation*, 2020 WL 8224953 (W.D. Wash. Dec. 18, 2020) (screening petition for removal (styled as "proposed complaint") filed by Defendants under Section

1915(e)(2)(B), finding lack of subject matter jurisdiction, and denying Defendants' *in forma pauperis* application as moot).

A complaint is subject to *sua sponte* dismissal if the Court determines the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). A *pro se* plaintiff's pleadings are liberally construed and afforded the "benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). Because Defendant here seeks to remove the case from California state court to this federal court, the Defendant is the party seeking the benefit of litigating in this forum and thus effectively stands in the shoes of a complainant by submitting this action for decision in this Court. While technically the Plaintiff here is not *pro se*, as a practical application of Section 1915 in a removal case such as this and out of an excess of caution, the Court will liberally construe the pleadings (including the Complaint which is proposed to be removed to this Court) and afford the *pro se* removing party (the Defendant) here the benefit of any doubt. *See Crown Props.,* 2020 WL 8224953 at *1-2 (screening "proposed complaint" in case removed from state court to federal court).

Under section 1915, the legal standard for whether a complaint is "frivolous" is well-known: a "case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted). A complaint should be dismissed as "frivolous" under section 1915 if the court lacks subject matter jurisdiction over the action. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous under section 1915 review where subject matter jurisdiction is lacking). In *Pratt*, the Ninth Circuit noted the distinction between section 1915's "frivolousness" review for lack of subject matter jurisdiction as compared to section 1915's review for failure to state a claim. *Pratt*, 807 F.2d at 819. "[F]ederal jurisdiction is not negated by the likelihood that a complaint may fail to state a cause of action, inasmuch as that is grounds for dismissal on the merits and not for lack of jurisdiction." *Id.* "Dismissal for want of jurisdiction may occur, however, where a claim is 'wholly insubstantial and frivolous.'" *Id.* (citing *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

3

# DISCUSSION

**I.   SUBJECT-MATTER JURISDICTION**

As discussed herein, the Court lacks subject-matter jurisdiction over this dispute and that conclusion compels remand of this action back to Alameda County Superior Court.

It is well-known that federal courts are courts of limited jurisdiction. *New Frontier Inv. AG v. BitCenter*, Inc., No. 23-MC-80154-PHK, 2024 WL 459070, at *2 (N.D. Cal. Feb. 6, 2024) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A defendant may remove a civil action filed in state court to federal district court where the district court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). However, where a district court lacks subject-matter jurisdiction over an action, federal law requires that the action "shall be remanded." *See* 28 U.S.C. § 1447(c). Further, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted).

Accordingly, when a court undertakes screening of a complaint under Section 1915, the court must independently evaluate its jurisdiction. *See* 28 U.S.C. § 1447(c) ("If *at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis added); *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) ("[F]ederal courts are required *sua sponte* to examine jurisdictional issues[.]") (citation omitted); *see, e.g.*, *Dhanota v. Rogers*, No. 18-cv-02876-SVK, 2018 WL 3459449, at *1-2 (N.D. Cal. June 26, 2018), *Report and Recommendation adopted*, 2018 WL 3428729 (N.D. Cal. July 16, 2018) (evaluating propriety of removal from state court as part of screening complaint under Section 1915).

The bases for federal subject matter jurisdiction are also well-known: "Federal courts can only adjudicate cases which the Constitution or Congress authorizes them to adjudicate, typically cases involving a 'federal question' or involving 'diversity of citizenship.'" *Id.* Federal courts thus exercise two types of subject-matter jurisdiction over cases filed in district court: diversity jurisdiction and federal-question jurisdiction. *See Abpikar v. Hermatian*, No. 19-cv-00425-NC, 2019 WL 330465, at *1 (N.D. Cal. Jan. 25, 2019). As detailed below, this case presents neither type

of subject-matter jurisdiction.

**Federal-Question Jurisdiction Is Lacking:** Based on the face of the original Complaint filed in Alameda County Superior Court, Plaintiff Chiang seeks relief from Defendant Afifi's alleged unlawful detainer of certain property Defendant Afifi leased from Plaintiff Chiang. An unlawful detainer cause of action does not present any federal question. *See Wells Fargo Bank v. Lapeen*, No. 11-cv-01932-LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law.") (citation omitted). In this Court, Defendant Afifi devotes the bulk of her notice of removal to reciting various assertions that Plaintiff Chiang violated several federal statutes, none of which asserted violations of federal law appear in her Answer. *See* Defendant Afifi's Answer (filed in the Superior Court prior to the removal notice) [Dkt. 1]. At best, Defendant Afifi's alleged violations of federal statutes constitute unasserted counterclaims that Defendant Afifi may pursue against Plaintiff Chiang. However, a federal district court may not exercise federal-question jurisdiction on the basis of a defendant's counterclaims. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Pozez v. Clean Energy Cap., LLC*, 593 F. App'x 631, 632 (9th Cir. 2015). Therefore, because there is no subject matter jurisdiction over the underlying unlawful detainer cause of action in the Complaint, that ends the inquiry. It is not legally determinative (for current screening purposes) whether or not Defendant Afifi has or could assert counterclaims founded on federal law.

**Diversity Jurisdiction:** "Section 1332(a)(2) grants district courts original jurisdiction over civil actions between 'citizens of a State and citizens or subjects of a foreign state' when the amount in controversy exceeds $75,000." *New Frontier Inv. AG*, No. 23-MC-80154-PHK, 2024 WL 459070, at *3 (citations omitted). Here, Plaintiff's Complaint is clear that the amount in controversy does not exceed $75,000. The Complaint explicitly indicates that the amount in dispute in this action does not exceed $10,000. [Dkt. 1 at 10].

Furthermore, Defendant Afifi does not argue that this Court may or should exercise diversity jurisdiction in this case. *See* Dkt. 1. This failure alone is fatal to an assertion of diversity jurisdiction because Defendant Afifi's failure to raise any assertion of facts or bases for diversity jurisdiction

5

amounts to a failure to meet her burden of proof. *See, e.g.*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001) ("In this case, neither Plaintiffs' complaint nor Pfizer's notice of removal made any allegation regarding Plaintiffs' state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof, Pfizer's failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction.") (citation omitted).

Because the Court concludes that subject matter jurisdiction is lacking here, the Court need not conduct a detailed analysis of the sufficiency of the merits pled in the Complaint. *See RM White*, 2024 WL 1051000 at *2. Accordingly, the Court **FINDS** that the Court lacks subject matter jurisdiction over this action. The removal statute therefore compels remand of this action to the state court.

## II.   SANCTIONS

The Court further determine whether Defendant shall be sanctioned for repeated removals of similar actions without subject matter jurisdiction. Federal courts have inherent power to impose monetary or other sanctions in order to control the conduct of the proceedings, protect the "orderly administration of justice," and to maintain "the authority and dignity of the court." *Smith v. Humboldt Cnty. Sheriff's Off. Corr. Facility*, No. 24-CV-01035-PHK, 2025 WL 41926, at *6 (N.D. Cal. Jan. 7, 2025) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980)).

Here, it appears that this is the ***fifth*** time Defendant Afifi has removed an unlawful detainer action adverse to Plaintiff Chiang. *See Chiang v. Afifi*, Case No. 24-cv-01342-JD (N.D. Cal.); *Chiang v. Afifi*, Case No. 23-cv-06235-JD (N.D. Cal.); *Chiang v. Afifi*, Case No. 24-cv-03242-RFL (N.D. Cal.); *Chiang v. Afifi*, Case No. 24-cv-01665-AMO (N.D. Cal.. Indeed, Defendant Afifi was advised by another District Judge of this Court that "remov[al of] the same claims may result in an award of fees and costs to Chiang under 28 U.S.C. § 1447(c)." *Chiang v. Afifi*, Case No. 24-cv-01342-JD, Dkt. 6. Despite this clear warning, Defendant Afifi has persisted in engaging in the same removal tactic, requiring Plaintiff to incur unnecessary legal costs and burdening the Court's limited resources. Upon a remand, the Court has the authority to require payment of costs and actual expenses (including attorneys' fees) incurred as a result of the removal. 28 U.S.C. § 1147(c).

Further, a "district court has the inherent authority to impose sanctions for bad faith, which

6

includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). "The imposition of sanctions under the inherent power of the court is proper where counsel has 'willfull[y] abuse[d] judicial process' or otherwise conducted litigation in bad faith." *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986) (citations omitted). "For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or *mala fides*, the assertion of a colorable claim will not bar the assessment of attorney's fees.'" *Id.* (citation omitted).

The Court finds that Defendant Afifi's repeated removals of substantially identical claims, despite prior warnings, reflect bad faith conduct and an abuse of the removal process. *See Rocha v. Bailey*, Case No. 24-cv-04774-VC, Dkt. 12 (N.D. Cal.). Repeated removals without jurisdictional basis undermine the efficient administration of justice and waste the Parties' and judicial resources. Such conduct warrants the imposition of sanctions to deter further abuse.

Accordingly, taking into account the totality of the circumstances and applicable legal standards, Plaintiff Chiang is **ORDERED** to file a bill of costs and expenses (but not attorneys fees) incurred as a result of the removal within **14 calendar days** of the date of this Order. Defendant Afifi is **ORDERED** to pay such costs and expenses to Plaintiff Chiang within **21 calendar days** of the filing of that bill of costs.

Further, the Court, at this time, exercises its discretion and, particularly in light of Defendant Afifi's *in forma pauperis* status, will not sanction Defendant Afifi for her conduct in removing this case without any facial justification. However, Defendant Afifi is advised that another attempt to remove a similar claim in future may result in the imposition of monetary or other sanctions, as well as a further award of fees and/or costs under Section 1447(c).

### III. THE PARTIES' MISCELLANEOUS FILINGS

On March 11, 2025, the Court issued a *sua sponte* judicial referral for the purposes of determining whether this case is related to a previously filed case, Case No. 23-cv-6235-JD. [Dkt. 6]. The same day, the Court determined that the cases were not related. Three days later, Defendant Afifi filed an objection to the *sua sponte* judicial referral. [Dkt. 11]. Because the cases are not

related, the objection is **DENIED** as moot.

On March 11, 2025, Plaintiff Tina Chiang filed a motion to remand the proceedings, request judicial notice, and requested attorney's fees in connection with the motion to remand. [Dkt. 7]. On March 14, 2025, Defendant Afifi filed an objection to the Motion to Remand. [Dkt. 10]. On March 17, 2025, Plaintiff Chiang filed an ERRATA on the motion to remand. [Dkt. 12]. On March 19, 2025, Defendant Afifi filed a motion to strike the ERRATA. [Dkt. 14].

Under 28 Section 1915, the mandatory screening requirement is a prerequisite for the initiation of this case. Plaintiff Chiang's motion to remand was thus premature (along with the other related objections, motions, and errata thereto).

Accordingly, Plaintiff Chiang's motion to remand, the objections thereto, the errata and motion to strike the errata, and all other related filings are all **DENIED WITHOUT PREJUDICE** as **MOOT**. Any briefing schedule or hearing set in connection with the motion to remand (and its ancillary filings) is **HEREBY VACATED**.

On March 14, 2025, Plaintiff Chiang filed a motion to declare Defendant Afifi a vexatious litigant. [Dkt. 9]. On March 19, 2025, Defendant Afifi filed an objection to the motion. [Dkt. 15].

Again, under 28 Section 1915, the mandatory screening requirement is a prerequisite for the initiation of the case. As such, Plaintiff Chiang's motion to have Afifi declared a vexatious litigant is premature.

Accordingly, Plaintiff Chiang's motion to have Afifi declared a vexatious litigant is **DENIED WITHOUT PREJUDICE** as **PREMATURE**. To be clear, this Order does not prevent Plaintiff Chiang from attempting to raise this issue or refiling the motion after reassignment of the case, but resolution of the issue (procedurally and on the merits) is to be decided by the reassignment District Judge.

//
//
//
//
//

**ADVISEMENT OF PRO SE RESOURCES**

Defendant Afifi is **ADVISED** that there are several resources for *pro se* litigants. The Court makes available a guide for *pro se* litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial. This guide is available electronically online at https://www.cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_12-2021_MBB.pdf or in hard copy free of charge from the Clerk of Court's Office. The Court additionally has a webpage with resources for *pro se* litigants: https://www.cand.uscourts.gov/pro-se-litigants/.

**CONCLUSION**

As noted, not all Parties to this action have consented to Magistrate Judge jurisdiction. Accordingly, the Court **ORDERS** the Clerk to reassign this case to a District Judge for resolution of this matter in light of this **REPORT AND RECOMMENDATION**.

For the reasons discussed herein, the Court **ISSUES** this **REPORT AND RECOMMENDATION** and hereby **RECOMMENDS** that the District Judge **REMAND** this action to the California Superior Court in and for the County of Alameda.

The Court **DENIES AS MOOT** Plaintiff Chiang's motion to remand the proceedings and request for judicial notice, **OVERRULES** Defendant Afifi's objection to the Motion to Remand, and **DENIES AS MOOT** Defendant Afifi's motion to strike the ERRATA. [Dkts. 7, 10, 14].

The Court **DENIES WITHOUT PREJUDICE** Plaintiff Chiang's motion to declare Defendant Afifi a vexatious litigant. [Dkt. 9].

Plaintiff Chiang is **ORDERED** to file a bill of costs and expenses (but not attorneys fees) incurred as a result of the removal **within 14 calendar days of the date of this Order**. Defendant Afifi is **ORDERED** to pay such costs and expenses to Plaintiff Chiang **within 21 calendar days of the filing of the bill of costs**. If Defendant Afifi objects to any of the specific costs or expenses in the bill of costs, any such written objection **SHALL** be filed **within 21 calendar days of the filing of the bill of costs**. Within 10 (ten) business days after making payment of the costs and expenses, Defendant Afifi **SHALL** file a declaration under oath with the Court attesting to such payment and

1  compliance with this Order.

2  **Any Party may object to this Report and Recommendation within fourteen (14) days**
3  **of service.** *See* **Fed. R. Civ. P. 72(b);** *see also* **Civil L.R. 72-3. Failure to timely file written**
4  **objections will waive any opposition to this recommendation.** *See* **28 U.S.C. § 636(b)(1)(C).**

6  **IT IS SO ORDERED AND SO RECOMMENDED.**

7  Date:  April 9, 2025

8  _____
9  PETER H. KANG
   United States Magistrate Judge