IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA CHIANG,<br>    Plaintiff,<br>  v.<br>SABRINA AFIFI,<br>    Defendant. | Case No. 25-cv-02074-CRB<br><br>**REMAND ORDER** |

Defendant Sabrina Afifi has attempted to remove this wrongful detainer suit from California state court. Judge Kang issued a report and recommendation—to which Afifi did not file a timely objection—recommending this action be remanded to California state court for lack of federal subject-matter jurisdiction. For the reasons below, the Court **ADOPTS** the report and recommendation of Judge Kang and **REMANDS** the case to the California Superior Court for the County of Alameda.

Plaintiff Tina Chiang sued Afifi for one count of unlawful detainer regarding a residential unit that Chiang owns and rented to Afifi. See Compl. (dkt. 1 ex. 1). Chiang sought forfeiture of the rental agreement and damages. Id. at 8. Afifi attempted to remove the case to federal court because, according to her, Chiang violated various federal statutes related to the rental property. See Not. of Removal (dkt. 1) at 2–3. Afifi contends that removal is proper because these alleged violations of federal law implicate this Court's federal question jurisdiction under 28 U.S.C. § 1331. Id. at 2. Afifi does not assert any other basis for federal subject-matter jurisdiction—namely, diversity jurisdiction (which would be improper, as Chiang sought less than $10,000 in her state-court complaint, Compl. at 5, so the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is unmet).

1   For Afifi's attempt to remove this case to federal court to stick, the federal courts must be able to exercise original jurisdiction over the underlying action—here, Chiang's unlawful detainer suit. 28 U.S.C. § 1441(a); Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002). The Court must assure itself of jurisdiction before proceeding any further; if jurisdiction is lacking, it must remand the case to state court. 28 U.S.C. § 1447(c); Smith v. Mylan Inc., 761 F.3d 1042, 1044 (9th Cir. 2014).[1]

Federal question jurisdiction—which Afifi relied upon in her notice of removal—requires that "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127 (1974) (citation omitted). "The federal questions 'must be disclosed upon the face of the complaint, unaided by the answer.'" Id. at 127–28 (citation omitted). That is, a defendant may not invoke federal subject-matter jurisdiction based on a defense or counterclaim that they raise independently of the plaintiff's complaint. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831–32 (2002).

But that is exactly what Afifi attempts to do here. Chiang's complaint asserts no claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; see also Wells Fargo Bank v. Lapeen, No. 11-cv-1932-LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) (unlawful detainer action does not arise under federal law). Yet Afifi tries to bring this case into federal court by asserting that Chiang has violated federal statutes. See Not. of Removal at 2–3; Answer (dkt. 1 ex. 3) at 7. That is not a proper basis for federal question jurisdiction. Accordingly, removal was improper, and the action must be remanded to state court.

---

[1] Because the Court's obligation to assure itself of subject-matter jurisdiction applies "at any time before final judgment," 28 U.S.C. § 1447(c), the Court can (and, in fact, must) address jurisdictional issues independent of the screening procedure provided by 28 U.S.C. § 1915(e)(2)(B). See Evansmill Townhomes Owners' Ass'n v. Broner, No. 22-cv-3595-TCB, 2022 WL 17920438, at *1 (N.D. Ga. Sept. 8, 2022) ("Importantly, before this action can proceed even to a frivolity screening, the Court must determine whether the petition for removal states a proper jurisdictional basis for removing this action to federal court.").

1    For the foregoing reasons, the Court **REMANDS** the case to the California Superior Court for the County of Alameda.  The Court also endorses Judge Kang's thorough description of Afifi's bad-faith and abusive conduct in repeatedly attempting to remove unlawful detainer actions to federal court and reiterates Judge Kang's warning that any further abuse of the removal process may result in the imposition of sanctions.  See In re Fisher Fin. & Inv. LLC, 435 F. App'x 590, 591 (9th Cir. 2011) (affirming award of sanctions for abuse of removal process).

**IT IS SO ORDERED.**

Dated: April 25, 2025



CHARLES R. BREYER
United States District Judge